UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

FILED
OCT 27 2016
[signature] CLERK

| | |
|---|---|
| KIESHIA MACE, <br><br> Plaintiff, <br><br> vs. <br><br> COREY WILLIS, individually, KICKBOX DAKOTA, LLC, a South Dakota limited liability company d/b/a "9Rounds", and DAVID BORCHARDT <br><br> Defendants. | CIV. 16- 4150 <br><br> **COMPLAINT** |

Plaintiff Kieshia Mace, by and through counsel, states and alleges as follows:

**NATURE OF THE CAUSE OF ACTION**

1. This is an action for wrongful termination in violation of the Uniform Services Employment and Reemployment Rights Act of 1994 and for wrongful refusal to pay outstanding wages in violation of South Dakota's wage-and-hour laws.

**PARTIES, JURISDICTION, AND VENUE**

2. Plaintiff Kieshia Mace is a former employee of Kickbox Dakota, LLC, d/b/a 9Rounds, whose work station, at all times material to this action, was located in Sioux Falls, South Dakota.

3. Defendant Kickbox Dakota LLC is a South Dakota limited liability company doing business as 9Rounds LLC, with its principal place of business located in Sioux Falls, South Dakota.

1

4. Defendant Corey Willis, on information and belief, is a resident of Sioux Falls, South Dakota, and acted as one of Ms. Mace's supervisors at all times material to this action.

5. Defendant David Borchardt, on information and belief, is a resident of Sioux Falls, South Dakota, and was the manager of the 9Rounds franchise at which Mace worked and acted as one of her supervisors at all times material to this action.

6. This Court has jurisdiction over this action under 28 U.S.C. § 1331, as the core claims arise under federal law and present a federal question.

7. The Court has supplemental jurisdiction over the state-law claims under 28 U.S.C. § 1367.

8. Venue is appropriate under 28 U.S.C. §1391.

## FACTS COMMON TO ALL COUNTS

9. On or about February 2016, Willis hired Mace to work as a trainer at one of the 9Rounds facilities in Sioux Falls, South Dakota.

10. At the time of hiring, Mace informed Willis that she was a member of a unit of the Army National Guard that was based in Sioux City, Iowa. Mace also provided Willis a copy of her drill schedule with the Guard.

11. Mace was paid an hourly wage of $12 per hour, but was promised that her wages would increase to $15 per hour and that within a year from her hire date, she would transition to a salaried wage of $36,000 per year.

12. Mace's Army National Guard Unit had training in Alaska in mid-July.

13. Mace provided Willis with notice of this training, providing the details surrounding the trip, the reason why she would be gone, and the time when she would return.

14. Mace also took herself off of the schedule using the work schedule application that 9Rounds's employees used to identify when they were available to work.

15. In July, Mace went to Alaska with her unit to participate in the training, in accordance with the schedule and notice she had previously provided to Willis.

16. When she returned, she was not on the schedule and could not use the scheduling application to indicate her availability.

17. Mace made repeated efforts to return to work and resume her prior position. Numerous phone calls and messages to Willis were ignored.

18. Mace finally received a voicemail from Willis, indicating that he had hired new staff in her absence and decided not to permit her to return to work during that period. Willis told Mace she needed to call with the manager, Borchardt.

19. When she called Borchardt, she was told she would not be put back on the schedule.

20. Mace informed Borchardt that terminating her because of her service was against the law, but she was not put back on the schedule at that time and was effectively terminated.

21. After terminating Mace, 9Rounds did not timely pay the wages due and owing to Mace for hours she worked before leaving for Alaska. As of this date, 9Rounds has failed to pay these wages.

22. Mace began looking for other employment and, in the meantime, began to accumulate late charges and penalties on outstanding bills.

23. Willis later wrote to Mace, changing course from what he had stated in his voicemail and what Borchardt had represented was the company's position. Willis described the termination as a "misunderstanding" and told Mace she could return to work.

24. After being lied to, mistreated, and having her wages wrongfully withheld, Mace concluded she could not work for Willis and would be subject of further mistreatment if she returned.

25. Mace has found alternative full-time employment at a wage of $11.50 per hour and is currently working roughly 40 hours a week at that wage.

**COUNT I: WRONGFUL TERMINATION IN VIOLATION OF USERRA**

26. Plaintiff incorporates by reference each and every preceding paragraph, as if fully and separately set forth herein.

27. Mace is a military service member whose absence from work in July 2016 was less than 5 years, cumulatively, and was necessitated by reason of her military service.

28. Because her absence was necessitated by reason of her military service, Mace was entitled to reemployment rights and benefits and other employment benefits and was protected against discrimination on the basis of her military service.

29. Mace provided her employer and Willis with advanced written and verbal notice of the July service commitment.

30. Mace's absence from work is a covered event under USERRA, and she was protected against wrongful discharge. Her absence was a substantial or motivating factor for this adverse action taken against her.

31. 9Rounds, Willis, and Borchardt wrongfully violated Mace's federal rights by discriminating against her on the basis of her military service and terminating her employment because of her services-related absence.

32. Defendants 9Rounds, Willis, and Borchardt are jointly and severally liable to Mace for all recoverable damages to which she is entitled under the law.

33. Mace is entitled to damages in an amount to be proven at trial, together with liquidated damages and attorneys' fees, as provided by law.

### COUNT II: BREACH OF OBLIGATION TO PAY WAGES IN VIOLATION OF SDCL §60-11-10

34. Plaintiff incorporates by reference each and every preceding paragraph, as if fully and separately set forth herein.

35. Willis and 9Rounds Fitness each qualify as an "employer" subject to wage pay requirements under South Dakota law.

36. Mace was entitled to prompt payment of all wages due and owing after she was wrongfully discharged, pursuant to SDCL § 60-11-10.

37. Defendants Willis and 9Rounds willfully violated their legal obligation to pay Mace the wages due and owing after wrongfully discharging her and are jointly and severally liable for all recoverable damages to which she is entitled under the law.

38. Mace is entitled to recover her unpaid compensation as compensatory damages, in an amount to be proven at trial, pursuant to South Dakota's wage laws.

### COUNT IV: WRONGFUL REFUSAL TO PAY WAGES UNDER SDCL §60-11-7

39. Plaintiff incorporates by reference each and every preceding paragraph, as if fully and separately set forth herein.

40. Willis and 9Rounds each qualify as an "employer" subject of wage payment requirements under South Dakota law.

41. Defendants Willis and 9Rounds were aware of their lawful obligation to pay Mace the wages to which she was entitled and knowingly withheld payment of such wages.

42. Defendants Willis and 9Rounds persisted in their oppressive, fraudulent, and malicious refusal to pay wages that were in fact owed to Mace and which they in fact knew were due and payable.

43. Mace is entitle to recover "double damages" based on the willful, oppressive, and fraudulent refusal to pay these wages, in accordance with South Dakota's wage laws.

**WHEREFORE**, Plaintiff Kieshia Mace respectfully prays for relief as follows:

1. For entry of a Money Judgment against Defendants holding them jointly and severally liable for compensatory and liquidated damages, in an amount to be proven at trial, together with applicable pre- and post-judgment interest, and awarding equitable relief, including but not limited to front pay and back pay;

2. For an award of all recoverable costs, taxes, disbursements, expenses, and attorneys' fees, as provided by law; and

3. For such further equitable relief as the Court deems just and equitable;

Date: October 28, 2016.

CADWELL SANFORD DEIBERT & GARRY LLP

By _/s/ Alex M. Hagen_
Alex M. Hagen
PO Box 2498
Sioux Falls SD 57101-2498
Telephone: (605) 336-0828
Telecopier: (605) 336-6036
Attorney for Plaintiff
ahagen@cadlaw.com

**WAIVER OF JURY TRIAL; CONSENT TO TRIAL BY U.S. MAGISTRATE JUDGE**

Plaintiff waives any right to a jury trial and, in accordance with 28 U.S.C. §636(c) and F.R.Civ.P. 73, consents to have this case assigned to a federal Magistrate Judge for any and all proceedings.

By _/s/ Alex M. Hagen_
Alex M. Hagen