UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| KIESHIA MACE,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>COREY WILLIS, individually;<br>KICKBOX DAKOTA, LLC, a South Dakota limited liability company d/b/a "9Rounds", and DAVID BORCHARDT,<br><br>　　　　　　　Defendants. | CIV. 16-4150<br><br>PLAINTIFF'S TRIAL BRIEF, STATEMENT ON EVIDENTIARY ISSUES, AND ESTIMATE OF TOTAL TRIAL TIME |

## ISSUES IN DISPUTE

Plaintiff will not seek relief under the state-law wage claims identified in the Complaint and consents to their dismissal before trial commences. Plaintiff will seek relief under USERRA for failure to re-employ, denial of the "benefits of employment," and wrongful termination/wrongful discrimination.

## BACKGROUND FACTS

Plaintiff Kieshia Mace was an employee of Defendant Kickbox Dakota LLC, d/b/a 9Rounds. The exercise business is owned and operated by Corey Willis in Sioux Falls, South Dakota. At or around the time Mace was hired, she informed Willis that she was a member of the military and gave Willis notice that she would be absent from work from mid-July until the second week of August because of military training exercises she was required to attend. Willis admits that he knew when she would leave and when she be returning from training.

1

On July 16, 2016, Mace traveled to Alaska to participate in mandatory service-related training as a member of her National Guard Unit. Mace returned, as planned, on or about Monday, August 8, 2016. The parties dispute a number of factual issues as to what happened during and after Mace returned and made contact with the Defendants. The parties also dispute the legal significance of these facts and, in particular, whether the chronology and other evidence establishes that Defendants violated their obligations under USERRA by failing to re-employ Mace upon her return and by other related acts or omissions related to her employment.

## APPLICABLE LAW UNDER USERRA

### A. Governing Principles of USERRA

USERRA provides that an employer may not deny "initial employment, reemployment, retention in employment, promotion, or any benefit of employment" on the basis of military status, military service, or a service-related obligation. 38 U.S.C. § 4311(a). The Eighth Circuit has set forth the following principles when addressing employment law claims arising under USERRA:

> Moreover, "[b]ecause USERRA was enacted to protect the rights of veterans and members of the uniformed services, it must be broadly construed in favor of its military beneficiaries." *Hill v. Michelin N. Am., Inc*., 252 F.3d 307, 312–13 (4th Cir.2001) (*Hill* ) (citing, e.g., *Coffy v. Republic Steel Corp*., 447 U.S. 191, 196, 100 S.Ct. 2100, 65 L.Ed.2d 53 (1980) (predecessor statute VRRA was "to be liberally construed for the benefit of the returning veteran"); *McGuire v. United Parcel Serv*., Inc., 152 F.3d 673, 676 (7th Cir.1998) ("USERRA is to be liberally construed in favor of those who served their country.")

*Maxfield v. Cintas Corp. No. 2*, 427 F.3d 544, 551-552 (8th Cir. 2005).

### B. Liability for Denial of Re-employment Does Not Require Proof of Discrimination under 38 U.S.C. §4312 and §4313

Mace alleges that she suffered an adverse action (wrongful termination/denial of reemployment) that was substantially motivated by her service-related absence. She

alternatively alleges that she suffered an adverse action (denial of the "benefits of employment") that was likewise substantially motivated by her service-related absence. But Mace is **not** required to establish that she was subjected to unlawful discrimination to prevail on her re-employment claim.

The governing law is set forth at 38 U.S.C. § 4312, which provides that a service member "whose absence from a position of employment is necessitated by reason of service in the uniformed services shall be entitled to the reemployment rights and benefits and other employment benefits of this chapter if" (1) the person provides advance notice, (2) the absence does not exceed five years, and (3) the person timely reports back to her employer upon her return.

Mace was absent from her employment for less than five years. Further, Defendants Willis and 9Rounds have admitted that she gave sufficient notice of her service-related absence. Thus, the applicable "timely reporting" requirement is as follows:

> In the case of a person whose period of service in the uniformed services was less than 31 days,[1] by reporting to the employer—
>
> (i) not later than the beginning of the first full regularly scheduled work period on the first full calendar day following the completion of the period of service and the expiration of eight hours after a period allowing for the safe transportation of the person from the place of that service to the person's residence; or
>
> (ii) as soon as possible after the expiration of the eight-hour period referred to in clause (i), if reporting within the period referred to in such clause is impossible or unreasonable through no fault of the person

38 U.S.C. § 4312(e)(1)(A)(i)-(ii).

Mace testified that she attempted to log on to the company's scheduling application (called "When I Work" application) the day after she returned from training and that she immediately called and texted Corey when she discovered she had no access. Mace will take the

---

[1] Mace was gone for roughly three weeks and so falls under the "less than 31 days" category.

3

position at trial that she satisfied § 4312(e)(i) when she attempted to log onto the "When I Work Application" and followed that with calls and texts to Willis. She will argue, alternatively, that if she failed to satisfy § 4312(e)(1)(A)(i), it was only because she had been denied access to the scheduling application and tried but failed to reach her employer, which brings her under the safe harbor provision of § 4312(e)(1)(A)(ii).[2]

If a service-member employee satisfies the prerequisites of §4312, then that member is entitled to re-employment – period. No proof of discriminatory animus is necessary. The clearest statement of this principle is set out in *Petty v. Metropolitan Government of Nashville-Davidson County,* 538 F.3d 431, 442-43 (6th Cir. 2008):

> It is important to note that Petty was not required to make any showing of discrimination in order to sustain either of his reemployment claims. The district court incorrectly characterized part of [employee's] reemployment claim—that part dealing with the position to which he was reinstated—as being part of his discrimination claims and therefore held that it required a showing of discrimination. The district court did not state its authority for this, but [employer] finds support for the court's view in the following language from this Circuit's decision in *Curby v. Archon*: "a person seeking relief under § 4312 must also meet the discrimination requirement contained in § 4311." 216 F.3d at 557. However, this language from *Curby* was merely dicta and is therefore not binding precedent. *See Wrigglesworth*, 121 F.Supp.2d at 1137 (characterizing this part of Curby as dicta); *Jordan v. Air Prods. & Chems., Inc*., 225 F.Supp.2d 1206, 1208 (C.D.Cal.2002) (same). Furthermore, subsequent to *Curby*, the Department of Labor specified that "[t]he employee is not required to prove that the employer discriminated against him or her because of the employee's uniformed service in order to be eligible for reemployment." 20 C.F.R. § 1002.33; accord Francis, 452 F.3d at 303 ("[T]he procedural requirements of the two provisions differ. An employee proceeding under § 4311 has the burden of proving that the employer discriminated against him or her based on a status or activity protected by USERRA. *443 20 C.F.R. § 1002.22 (2006). Section 4312 imposes no such burden. 20 C.F.R. § 1002.33 (2006).").

---

[2] Notably, the failure to meet the "timely reporting" element is not fatal to a re-employment claim. As §4312(e)(3) states:

> A person who fails to report or apply for employment or reemployment within the appropriate period specified in this subsection shall not automatically forfeit such person's entitlement to the rights and benefits referred to in subsection (a) but shall be subject to the conduct rules, established policy, and general practices of the employer pertaining to explanations and discipline with respect to absence from scheduled work.

*Id.*

*Id.*

Assuming an otherwise qualified employee meets the procedural requirements of §4312, he or she would be entitled to re-employment and does not need to prove discrimination to prevail on that re-employment claim.

### C. Assuming Mace Was Entitled to Re-Employment, She Was Protected from Discharge, Except for Cause, for a Minimum of 180 days.

Under §4316, "a person who is reemployed by an employer under this chapter shall not be discharged from such employment, except for cause . . . within 180 days of such re-employment, if the person's period of service before the reemployment was more than 30 days but less than 181 days."  Mace began work in late April, so her period of service before her putative re-employment in August 2016 was more than 30 days but less than 181 days.  If Mace was entitled to re-employment under §4312 when she returned in August, 2016, then she could not be discharged, except for cause, for a minimum of 180 days.

### D. Elements of a Viable Discrimination-based Claim under § 4311

Mace does allege that she was subjected to wrongful discrimination and will adduce evidence in support of that claim at trial.  As set out below, the significance of this relates to the expanded remedies that may be available if a fact-finder determines that an employer's failure to comply with USERRA was willful.

As in other instances of employment discrimination, USERRA follows a burden-shifting framework.[3]  But the burden-sifting framework is unique.  "Unlike the *McDonnell Douglas* framework [utilized in Title VII claims], the procedural framework and evidentiary burdens set

---

[3] The Eighth Circuit has adopted the standard set out in *Sheehan v. Dep't of Navy*, 240 F.3d 1009, 1013 (Fed. Cir. 2001), per its decision in *Gagnon v. Sprint Corp.*, 284 F.3d 839, 852 (8th Cir.2002), *abrogated on other grounds, Desert Place, Inc. v. Costa*, 539 U.S. 90 (2003).

out in section 4311 shift the burden of persuasion, as well as production, to the employer." *Cintas,* 427 F.3d at 551 (citation and quotation marks omitted).

Under USERRA, an employee need only make "'an initial showing ... that military status was at least a motivating or substantial factor in the [employer's] action.'" *Id*. (quoting Sheehan v. Dep't of Navy, 240 F.3d 1009, 1014 (Fed.Cir.2001) (*Sheehan*)). If the employee makes such a showing, "'the [employer] must prove, by a preponderance of evidence, that the action would have been taken despite the protected status.'" Id. (quoting Sheehan, 240 F.3d at 1014). Thus, not only is USERRA to be interpreted broadly in favor of service-member employees, but it also shifts both the burden of production and the evidentiary burden to the employer accused of violating it.

E.  **"Motivating Factor" Analysis**.

"An employer violates USERRA when a person's military service is a motivating factor in the discriminatory action, even if it is not the sole factor." *Cintas,* 427 F.3d at 553. Military status is a motivating factor of an adverse employment action if the defendant relied on, took into account, considered, or conditioned its decision on that consideration. *See originally Robinson v. Morris Moore Chevrolet-Buick, Inc.,* 974 F. Supp. 571, 576 (E.D. Tex. 1997). This formulation has been adopted by district courts in Virginia[4], New York[5], and by the Eleventh Circuit.[6]

The fact-finder may infer discriminatory motive under USERRA from a variety of considerations, including

> proximity in time between the employee's military activity and the adverse employment action, inconsistencies between the proffered reason and other actions of the employer, an employer's expressed hostility towards members protected by the statute together with knowledge of the employee's military activity, and

---

[4] Brandsasse v. City of Suffolk, 72 F.Supp.2d 608, 617 (E.D.Va.1999)
[5] Fink v. City of N.Y., 129 F. Supp. 2d 511, 520 (E.D.N.Y. 2001)
[6] Coffman v. Chugach Support Servs., Inc., 411 F.3d 1231, 1238 (11th Cir. 2005)

> disparate treatment of certain employees compared to other employees with similar work records or offenses.

*Sheehan,* 240 F.3d at 1014.

At trial, Mace will attempt to establish that the Defendants "relied on, took into account, and considered" her service-related absence in taking adverse actions against her. Even if the fact-finder determines that Mace was not terminated as of that date, she still alleges having suffered adverse actions by being denied re-employment (as addressed above) and being denied the "benefits of employment" to which she was entitled.

### F.  Remedies under § 4323(d)

The remedies provision of USERRA, at 38 U.S.C. §4323(d), provides that the court may award the following relief:

> (A) The court may require the employer to comply with the provisions of this chapter.
>
> (B) The court may require the employer to compensate the person for any loss of wages or benefits suffered by reason of such employer's failure to comply with the provisions of this chapter.
>
> (C) The court may require the employer to pay the person an amount equal to the amount referred to in subparagraph (B) as liquidated damages, if the court determines that the employer's failure to comply with the provisions of this chapter was willful.

These provisions provide the basis of Mace's damages claim.

### **EVIDENTIARY ISSUES**

Mace does not believe there are significant evidentiary issues to identify. Some of the exhibits produced in discovery may be objectionable on the basis of hearsay, but as a general matter, the parties appear to have reached a rough consensus as to what evidence is relevant and material and how that evidence may come in.

## ESTIMATE OF TRIAL TIME

Plaintiff is cautiously optimistic that if the trial begins at or before 9 a.m. and the parties take a half-hour lunch, all of the evidence should be submitted before 4:00 p.m.

Date:  March 31, 2017.

> CADWELL SANFORD DEIBERT & GARRY LLP
>
> By: ____/s/ Alex M. Hagen_____
> Alex M. Hagen
> PO Box 2498
> Sioux Falls SD 57101-2498
> Telephone: (605) 336-0828
> Fax: (605) 336-6036
> ahagen@cadlaw.com
> Attorney for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of the foregoing was filed electronically with the Clerk of Court, the District Court of South Dakota, by using CM/ECF system, which constitutes service on:

> Robert A. Christenson
> Christenson Law, Prof. LLC
> 400 North Main Avenue, Suite 206
> Sioux Falls SD 57104
> rac.clolaw@midconetwork.com

Dated:  March 31, 2017.

> /s/ Alex M. Hagen
> Alex M. Hagen
>
> *Electronically Filed*