UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| KIESHIA MACE,<br><br>    Plaintiff,<br><br>vs.<br><br>COREY WILLIS, INDIVIDUALLY; KICKBOX DAKOTA, LLC, A SOUTH DAKOTA LIMITED LIABILITY COMPANY; AND DAVID BORCHARDT,<br><br>    Defendants. | 4:16-CV-04150-VLD<br><br><br>ORDER AWARDING PLAINTIFF'S ATTORNEY'S FEES |

**INTRODUCTION**

This matter is before the court on plaintiff Kieshia Mace's complaint alleging a violation of the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. §§ 4301-4335.[1] Docket No. 1. After a successful court trial and appeal, Ms. Mace now seeks an award of attorney's fees. See Docket Nos. 26, 44 & 49. Defendants Corey Willis and Kickbox Dakota, LLC (collectively "Kickbox"), oppose the motion. See Docket Nos. 45 &

---

[1] Ms. Mace originally pleaded two state-law based claims for wages in her complaint. See Docket No. 1, Counts II and VI [III] at pp. 5-6. However, prior to trial she voluntarily dismissed these claims. See Docket No. 20. The court granted the motion. See Docket No. 21.

50. The parties have consented to this magistrate judge handling this case pursuant to 28 U.S.C. § 636(c).

**FACTS**

Ms. Mace filed her complaint October 27, 2016, after Kickbox refused to rehire her upon her return from National Guard duty on August 8, 2016. Ms. Mace originally pleaded claims in two general subject areas: wrongful termination under USERRA and wrongful refusal to pay outstanding wages under South Dakota state law. See Docket No. 1. The state law claims were voluntarily dismissed after Kickbox provided discovery to Ms. Mace that it had paid her in full for all hours she had worked. See Docket No. 20.

A one-day court trial on the USERRA claim was held on April 11, 2017, after which the court found in Ms. Mace's favor. See Docket No. 24. The court concluded Kickbox willfully violated USERRA under 38 U.SC. § 4312, but that Ms. Mace had failed to show Kickbox violated 8 U.S.C. § 4311 of USERRA, which requires a showing of discriminatory intent. Id. The court awarded $979.20 in lost wages and an equal amount in liquidated damages. Id. The court found in favor of a third defendant, David Borchardt, finding he did not qualify as an employer under USERRA. Id.

Kickbox appealed to the Eighth Circuit. Mace v. Willis, 897 F.3d 926 (8th Cir. 2018). Kickbox argued on appeal that the court had erred in holding it liable under 38 U.S.C. § 4312 because Ms. Mace was not guaranteed any hours when she had been employed at Kickbox. Id. at 928. Kickbox also

argued that the court had erred in finding its violation of USERRA to be willful. Id. at 928-29. The Eighth Circuit affirmed in all respects. Id. at 929.

Ms. Mace now seeks an award of attorney's fees as follows:

| | |
|---|---:|
| Appellate Fees (50.6 hrs x $275/hr + $904.48 sales tax) | $14,819.48 |
| District Court Fees (71.5 hrs x $275/hr + $1,295.36 tax) | $20,957.86 |
| District Court Paralegal Fees (2.8 hours x $95/hr) | 266.00 |
| **TOTAL FEES REQUESTED:** | **$36,043.34** |

Kickbox resists Ms. Mace's motion. See Docket No. 50. Kickbox asserts that no attorney's fees should be awarded for the appeal because Kickbox took the appeal in "good faith." Id. It also characterizes as "grossly excessive" Ms. Mace's request for attorney's fees at the trial court level. Id. Kickbox does not suggest what amount of attorney's fees it believes the court should award as reasonable fees. It does not take issue with the hourly rate Ms. Mace's attorney requests. Finally, it does not point out time entries which Kickbox believes were unnecessary or excessive.

## DISCUSSION

### A. The Lodestar Method

The appropriate amount of attorney's fees is highly fact-specific to the case. There are two methods of determining attorney's fees: the lodestar method and the "percentage of the benefit" method. See H.J. Inc. v. Flygt Corp., 925 F.2d 257, 259-60 (8th Cir. 1991); Comerica Mortg. Corp. v. Cenlar Fed. Svgs. Bank, 83 F.3d 241, 246 (8th Cir. 1996); Walitalo v. Iacocca, 968 F.2d 741, 747-48 (8th Cir. 1992). The court has discretion to decide which

3

method of determining fees is appropriate. Comerica Mortg. Corp., 83 F.3d at 246. Here, Kickbox addresses only the lodestar method, so the court chooses to employ that method.

The lodestar is figured by multiplying the number of hours reasonably expended by the reasonable hourly rates. Finley v. Hartford Life & Accident Ins. Co., 249 F.R.D. 329, 332-33 (N.D. Cal. Feb. 22, 2008); Tequila Centinela, S.A. de C.V. v. Bacardi & Co., Ltd., 248 F.R.D. 64, 68 (D.D.C. 2008); Creative Resources Group of New Jersey, Inc. v. Creative Resources Group, Inc., 212 F.R.D. 94, 103 (E.D.N.Y. 2002); Kayhill v. Unified Gov't. of Wyandotte County, 197 F.R.D. 454, 459 (D. Kan. 2000); and Trbovich v. Ritz-Carlton Hotel Co., 166 F.R.D. 30, 32 (E.D. Mo. 1996). The burden is on the moving party to prove that the request for attorney's fees is reasonable. Tequila Centinela, S.A. de C.V., 248 F.R.D. at 68; Creative Resources Group, Inc., 212 F.R.D. at 103; Kayhill, 197 F.R.D. at 459.

Once the lodestar is calculated, there are twelve factors (the Johnson factors),[2] that are relevant in considering whether that figure should be adjusted up or down:

(1) the time and labor required;
(2) the novelty and difficulty of the questions;

---

[2] So named because the factors first appeared in Johnson v. Georgia Hwy. Exp., 488 F.2d 714 (5th Cir. 1974), abrogated on other grounds by Blanchard v. Bergeron, 489 U.S. 87, 97 (1989) (holding a contingent fee agreement does not cap attorney's fees in a civil rights case). The Supreme Court has approved of the Johnson factors in connection with evaluation of requests for attorney's fees. Hensley v. Eckerhart, 461 U.S. 424, 430, 430 n.4 (1983).

4

(3) the skill requisite to perform the legal service properly;

(4) the preclusion of employment by the attorney due to acceptance of the case;

(5) the customary fee;

(6) whether the fee is fixed or contingent;

(7) time limitations imposed by the client or the circumstances;

(8) the amount involved and the results obtained;

(9) the experience, reputation, and ability of the attorneys;

(10) the "undesirability" of the case;

(11) the nature and length of the professional relationship with the client; and

(12) awards in similar cases.

See Hensley v. Eckerhart, 461 U.S. 424, 430 n.3, 434 (1983) (citing the American Bar Association Code of Professional Responsibility, Disciplinary Rule 2-106). The court is not required to explicitly and exhaustively examine each of the 12 factors. Griffin v. Jim Jamison, Inc., 188 F.3d 996, 997 (8th Cir. 1999). "[T]he most critical factor is the degree of success obtained." Hensley, 461 U.S. at 436.

**B.     Reasonable Hourly Rate is the Prevailing Rate in the District of South Dakota**

The reasonable hourly rate is usually the ordinary rate for similar work in the community where the case is being litigated. Tequila Centinela, S.A. de C.V., 248 F.R.D. at 68 (citing Laffy v. Northwest Airlines, Inc., 746 F.2d 4, 16 (D.C. Cir. 1984)[3] (hourly rate must be sufficient to attract competent counsel, but not so excessive as to produce a windfall, and generally must be in line

---

[3] Laffy was overruled on other grounds by Save Our Cumberland Mts., Inc. v. Hodel, 857 F.2d 1516 (D.C. Cir. 1988).

5

with rates charged by other attorneys of comparable skill, reputation, and ability within the community.)

Kickbox does not attempt to inform the court what prevailing attorneys' fee rates are for employment litigation in South Dakota. Kickbox points out solely that Ms. Mace's fee would be far less if it were a contingent fee based on her recovery of damages. The court may determine prevailing rates of attorney's fees based on its own knowledge of prevailing rates. See Creative Resources Group, Inc., 212 F.R.D. at 103-104 (holding that "it is within the judge's discretion to determine reasonable fees based on his or her knowledge of prevailing community rates").

Experienced, partner-level trial counsel in this community have received awards of attorney's fees ranging from $210.00 per hour to $250.00 per hour in lawsuits involving claims related to the workplace. See Broadbent v. The Citigroup Long Term Disability Plan, 4:13-cv-04081-LLP, Docket No. 34 at p. 13 (D.S.D. Mar. 16, 2015) (approving attorney's fees of $250 per hour in an ERISA case); Hackett v. Standard Ins. Co., 5:06-cv-05040-JLV, Docket No. 96 (D.S.D. Dec. 7, 2010) (same); Albers v. Mellegard, Inc., 4:06-cv-04242-KES, Docket No. 144 (D.S.D. Mar. 12, 2010) (approving rate of $210 per hour in employment discrimination case); Burwitz v. Ulteig Engineers, Inc., 4:11-cv-04175-LLP, Docket No. 84 (D.S.D. Jan. 14, 2014) (approving $250 per hour for junior partner in ERISA case). In an insurance bad faith case, $300 per hour was approved for one attorney who had several decades of experience and a

6

long track record of success.  Tripp v. Western Nat. Mut. Ins. Co., 4:09-cv-04023-KES, Docket No. 105 (D.S.D. Nov. 17, 2010).  Other solidly experienced mid-level lawyers with experience in federal court in that case were awarded attorney's fees of $200 to $250 per hour.  Id.  In addition, rates of $90 and $80 per hour for paralegal time have been approved in labor cases.  Burwitz, Docket No. 84 at pp. 5 & 10.

In awards of attorneys' fees as sanctions for motions to compel, the hourly rates of attorneys' fees have ranged from $145 per hour to $250 per hour.  See Heil v. Belle Starr Saloon & Casino, Inc., Civ. No. 09-5074, Docket Nos. 66 & 68 (D.S.D. Sept. 1, 2011) (approving rates of $200 and $245 per hour); Beyer v. Medico Ins. Group, Civ. No. 08-5058, Docket No. 65 (D.S.D. Jan. 12, 2010) (approving rate of $250 per hour); Howard Johnson Internat'l, Inc. v. Inn Development, Inc., Civ. No. 07-1024, Docket No. 73 (D.S.D. June 23, 2008) (approving $225 per hour); Oyen v. Land O'Lakes Inc., Civ. 07-4112, Docket Nos. 53, 56, & 62 (D.S.D. Feb. 6 & Mar. 3, 2009) (approving rates of $125, $145, & $150 per hour).

Hourly rates of up to $365 per hour have been approved in this district in at least one case.  See Nienaber v. Citibank (South Dakota) N.A., Civ. No. 04-4054, Docket No. 101 (D.S.D. July 5, 2007).  However, the decision in Nienaber is distinguishable.  That was a case involving a high degree of risk for the plaintiff's attorney and a high degree of specialized knowledge as it was a class action representing at least 1,000,000 class members under the Fair Debt

7

Reporting Act against a very large South Dakota employer.  Id. at 1-2, 6.  Few lawyers in the district could be expected to have the funds to finance such a class action, and fewer still would be expected to risk their funds against a defendant who might be sympathetic to a large number of prospective jurors.  Furthermore, the Nienaber case is distinguished by virtue of the fact that the parties had a "clear sailing" provision in their settlement agreement whereby the defendant agreed not to oppose the application for attorneys' fees in return for the plaintiffs' promise to cap their request for attorneys' fees at an agreed-upon figure.  Id. at 1-2.

The court concludes on the basis of its own knowledge of prevailing rates in the District of South Dakota, based on recent awards of attorney's fees in this district, and based on the nature of the legal issues in this case that $250.00 per hour should be the prevailing reasonable hourly rate for Mr. Hagen, Ms. Mace's counsel.  There have been some outliers in terms of approved attorney's fee rates, but $250 per hour has been repeatedly approved.  Also, many of the cases cited above are becoming dated, but the rate of $250 per hour is at the upper end of approved rates in the heartland of ranges of those rates and many of the cited cases are from the Sioux Falls metro area.

## C.    Reasonable Hours

Courts are charged with excluding from awards of attorney's fees hours that were not "reasonably expended."  Hensley, 461 U.S. at 434.  "Cases may be overstaffed, and the skill and experience of lawyers vary widely."  Id.  In

8

determining the reasonable hours expended by Ms. Mace's lawyer in this matter, the court turns to the itemized billing statement provided by Mr. Hagen in support of his motion for attorney's fees. See Docket No. 28-1.

The first thing the court notes is that Mr. Hagen voluntarily reduced his hours by 1.5 hours. Id. at pp. 1, 3. He spent 71.5 hours meeting his client, researching, drafting the complaint, holding a Rule 16 scheduling meeting with opposing counsel, drafting Ms. Mace's initial Rule 26 disclosures, drafting a bare minimum of written discovery requests, drafting responses to defendants' discovery requests, attending four depositions, and trying a day-long trial. The court finds this case was tried with an admirable level of economy. The time spent on the case could have been even more reduced had defense counsel accepted Mr. Hagen's offer not to take any depositions. There appears to be no excess or duplicate hours contained in counsel's time spent trying Ms. Mace's case before this court.

As for the appeal, counsel spent 50.6 hours. Again, a review of the detailed billing on appeal reveals no excess or duplication. The court approves the hours expended at all levels of this case as reasonable.

**D.     The Johnson Factors**

After calculating the lodestar, the court considers the Johnson factors to determine whether the lodestar (reasonable hours x reasonable rate) should be adjusted up or down. Hensley, 461 U.S. at 430 n.3, 434. The "most critical factor" in determining what constitutes a reasonable award of attorney's fees is the degree of plaintiff's success. El-Tabech v. Clarke, 616 F.3d 834, 843 (8th

Cir. 2010) (quoting Warnock v. Archer, 397 F.3d 1024, 1026 (8th Cir. 2005)). In civil rights litigation, the damage award is not the sole factor to be considered in determining the plaintiff's degree of success because "damages awards do not reflect fully the public benefit advanced by civil rights litigation." Wal-Mart Stores, Inc. v. Barton, 223 F.3d 770, 773 (8th Cir. 2000) (quoting City of Riverside v. Rivera, 477 U.S. 561, 575 (1986)). "Congress did not intend for fees in civil rights cases . . . to depend on obtaining substantial monetary relief." Id.

Kickbox argues Ms. Mace achieved a low degree of success because she voluntarily dismissed two of her state-law claims for wages, and prevailed on only her claim under § 4312 and not on her claim under § 4311. Ms. Mace responds that only a negligible amount of time was spent on the state law wage claim and even that time could have been eliminated had Kickbox provided Ms. Mace's wage records with Kickbox's initial disclosures under Rule 26.

Regarding her failure to prevail on her § 4311 claim, Ms. Mace argues this should not reduce her overall attorney's fee award. She's right.

When a plaintiff loses some claims that are unrelated to others on which she won, the court must award attorney's fees only on the hours spent on the successful claim. Wal-Mart Stores, Inc., 223 F.3d at 773. However, if the claims on which the plaintiff prevailed are factually and legally related to those on which she did not, the court may award a reasonable fee and need not cherry-pick the hours spent between the two claims. Id. Here, the § 4311 claim and the § 4312 claim were extremely closely related. As discussed in this

10

court's memorandum opinion, the statutes overlap to a large degree, have some identical remedies, and aim to vindicate the same rights. They are two separate, related, legal theories of recovery arising out of the same facts. It would be impossible to divide up Mr. Hagen's bill to delineate which time entries applied to which claim under USERRA. For all intents and purposes, these claims were the same. They arose out of the same facts and transaction involving the same parties. The court will not reduce Ms. Mace's attorney's fee award based on her voluntary dismissal of the state claims or her failure to prevail under § 4311 of USERRA.

Kickbox also argues the small damages recovery by Ms. Mace (approximately $1,900 in damages and liquidated damages) shows she did not prevail to a great degree and her attorney's fee request should accordingly be reduced. But as indicated above, the money damages obtained is only a small slice of the picture of what Congress intended to vindicate when it enacted USERRA.

USERRA, like other employment-related civil rights litigation, will frequently feature plaintiffs like Ms. Mace whose wages are not high, who dutifully and quickly obtain replacement jobs, and whose damages, therefore, would not be sufficient to entice a lawyer to take the litigation if the lawyer were limited solely to a contingent fee arrangement for payment. Furthermore, such plaintiffs are extremely unlikely to have the resources to pay a lawyer on an hourly basis for work on their case. Hence, Congress provided a fee-shifting provision as an enticement for lawyers to take cases, acting as private
11

attorneys general, vindicating important public policies that might otherwise be trampled. Were it not for the attorney's fee statute in the USERRA scheme, the court feels certain Ms. Mace's claim would not have been brought by any lawyer. Lawyers have to support themselves and their families. They cannot do that by earning fees of $300[4] on 120 hours of work, an hourly rate of $2.50 per hour.

In civil rights actions, the Eighth Circuit has approved awards of attorney's fees of $44,137.50 where the plaintiff's money damages obtained at trial totaled only $3,000. See Shrader v. OMC Aluminum Boat Group, Inc., 128 F.3d 1218, 1222 (8th Cir. 1997) (action brought under the Americans with Disabilities Act). Here, the total amount of fees requested is only $36,000 on a recovery of $1,900 in damages. Furthermore, many of those attorney's fees were occasioned by Kickbox's own actions in pursuing meritless defenses, failing to promptly provide discovery, and failing to accept Mr. Hagen's offer to economize by not taking any depositions.

Kickbox argues no appellate attorney's fees should be awarded because it appealed in "good faith." However, there is no exception to the attorney's fee statute for defenses or appeals taken in "good faith." See 38 U.S.C. § 4323(h); 20 C.F.R. § 1002.310. Furthermore, the court notes that one key issue raised by Kickbox on appeal—whether a military employee who had no guaranteed hours in her civilian job was required to be reemployed under USERRA—was

---

[4] Kickbox suggested an appropriate fee would be 1/3 of Ms. Mace's damages recovery. One-third of the roughly $900 in wages the court awarded is $300.

answered definitively by a duly promulgated regulation:  20 C.F.R. § 1002.41.  That regulation provided that "USERRA rights are not diminished because an employee holds a temporary, part-time, probationary, or seasonal employment position."  Thus, to a large extent, Kickbox authored its own plight in requiring Ms. Mace's counsel to incur attorney's fees unnecessarily on appeal.

Kickbox argues that this was an ordinary case requiring no special expertise.  To the contrary, USERRA cases are relatively rare in this court's experience.  Federal court is the logical place for filing such claims and in 25 years of practice and judging, this case is only the second USERRA case this court has encountered.  Furthermore, USERRA is a unique statutory scheme which is different from many of the discrimination civil rights statutes—for example, it provides nearly strict liability for a failure to reemploy a military person after a military absence so long as proper pre- and post-absence notice is given.  No other civil rights statute provides such a scheme.  The court finds this case represents a need for novel expertise.  The novelty of USERRA cases, combined with the fact an attorney may not get paid at all for taking such a case, makes such cases "undesirable" from the standpoint of attorney profitability.

The experience, especially in federal court, and the reputation and abilities of Mr. Hagen are well known.  He has a high degree of regard among lawyers and judges.  The court finds ample reason to leave the lodestar calculation undisturbed in this case.  There is certainly no reason to diminish

the hours spent or the hourly rate.  There may be reasons to apply a multiplier, but because Mr. Hagen does not urge such a result, this court will not do so.

**E.     Costs**

Ms. Mace sought costs of $657.96.  The clerk taxed those costs in favor of Ms. Mace and against Kickbox.  Kickbox has not objected to that taxation of costs.  Accordingly the court grants the requested costs.

## CONCLUSION

Based upon the foregoing facts, law and analysis, it is hereby

ORDERED that plaintiff Kieshia Mace's request for attorney's fees [Docket Nos. 26 & 44] is granted.  The court awards Ms. Mace attorney's fees as follows against defendants Corey Willis and Kickbox Dakota, LLC, jointly and severally:

| | |
|---|---:|
| Appellate Fees (50.6 hrs x $250/hr + $822.25 sales tax) | $13,472.25 |
| District Court Fees (71.5 hrs x $250/hr + $1,161.88 tax) | $19,036.88 |
| District Court Paralegal Fees (2.8 hours x $95/hr) | 266.00 |
| **TOTAL FEES AWARDED:** | **$32,775.13** |

It is also ORDERED that Ms. Mace's requests for $657.96 in costs is granted against Corey Willis and Kickbox Dakota, LLC, jointly and severally.

DATED this 28th day of September, 2018.

BY THE COURT:

_____
VERONICA L. DUFFY
United States Magistrate Judge